UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT ELLIS HASTINGS, Jr., : : Plaintiff, : : v. : : UNITED STATES OF AMERICA, : : Defendants. : : | Civ. No. 21-9966 (RBK) (SAK) **MEMORANDUM & ORDER** |

**ROBERT B. KUGLER, U.S.D.J.**

I.      INTRODUCTION

Plaintiff, Robert Ellis Hastings, Jr. (hereinafter "Plaintiff" or "Hastings"), is a federal prisoner incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a civil complaint filed pursuant to the Federal Tort Claims Act ("FTCA") against the sole remaining Defendant in this case, the United States (hereinafter "Defendant" or "the United States"). (*See* ECF 1). Presently pending before this Court is Defendant's motion to dismiss the complaint because Plaintiff has failed to allege a physical injury necessary to establish an FTCA claim. (*See* ECF 14). For the following reasons, Defendant's motion is granted. Nevertheless, this case shall be permitted to proceed in part.

II.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint in April, 2021. (*See* ECF 1). Plaintiff alleges while incarcerated at F.C.I. Fort Dix, he suffered an electrical shock due to the negligence of a Federal Bureau of Prisons officer's negligence in disconnecting an item from a live outlet. (*See id.* at 3). He seeks monetary damages because of this officer's negligence due to the pain and fear he

suffered as a result. (*See id.* at 4). In July, 2021, Plaintiff's complaint filed pursuant to the FTCA was permitted to proceed against the United States.

In January, 2022, Defendant moved to dismiss the complaint. (*See* ECF 14). Defendant argues Plaintiff failed to adequately allege a physical injury necessary to sustain a claim for damages for mental or emotional injuries under 28 U.S.C. § 1346(b)(2). That statutory provision states as follows:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

28 U.S.C.§ 1346(b)(2). In response, Plaintiff concedes he is not seeking damages for mental or emotional injuries. (*See* ECF 15 at 2; ECF 17 at 3).

### III.   DISCUSSION

There is little for this Court to decide currently. Given Plaintiff's concession that he is not seeking mental or emotional damages, Defendant's motion will be granted. However, this does not end this case. Indeed, at this early stage of the proceedings, Plaintiff may still be able to recover for other damages.[1] Accordingly, Defendant shall be ordered to file a responsive pleading to the remaining portions of Plaintiff's complaint.

---

[1] By way of example only, Defendant's motion does not discuss whether Plaintiff can recover nominal damages. *See Prillerman v. Fromhold*, 714 F. App'x 184, 185-86 (3d Cir. 2017) (noting that the PLRA does not bar nominal damages); *see also Shorter v. United States*, No. 17-24476, 2018 WL 11236249, at *12 (S.D. Fla. Apr. 17, 2018) (noting nominal damages are still recoverable under the FTCA), *report and recommendation adopted by*, 2018 WL 11236248 (S.D. Fla. May 10, 2018); *Lundy v. United States*, No. 06-69, 2009 WL 81924, at *6 (S.D. Tex. Jan. 12, 2009) (noting the availability of nominal damages in an FTCA suit).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint, which is construed as a "partial" motion to dismiss is granted. Plaintiff shall not be permitted to recover for mental or emotional injuries given his concession that he is not seeking damages for any such injuries. Defendant shall be ordered to file an answer to the remaining portions of the complaint.

## V. ORDER

Accordingly, IT IS on this 12th day of August, 2022,

ORDERED that Defendant's motion to dismiss Plaintiff's complaint (ECF 14), which is construed by this Court as a partial motion to dismiss, is granted; to the extent that Plaintiff seeks damages for mental or emotional injuries under the FTCA in his complaint against Defendant, such claims are dismissed; and it is further

ORDERED that Defendant's responsive pleading to the remainder of the complaint shall be filed within fourteen (14) days of the date this memorandum and order is entered; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail.

s/ Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge